Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Petitioner

Matthew B. George, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Felix Hernandez-Arroyo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Hernandez-Arroyo failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Hernandez-Arroyo's contentions that the BIA applied an incorrect legal standard,

considered facts not in the record, failed to show proper consideration of all factors, and failed to address all issues raised on appeal are not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention" (internal citation omitted)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**Froylan Alvarado SANCHEZ and Enriquetta Panalosa Aguierre, Petitioners,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15-71527**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 19, 2016

Nikhil M. Shah, I, Esquire, General Attorney, Law Offices of Nikhil M. Shah, Los Angeles, CA, for Petitioners

---

ed by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kate Deboer Balaban, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Froylan Alvarado Sanchez and Enriquetta Panalosa Aguierre, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law and constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely, where they filed the motion more than 10 years after their final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Petitioners failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances), and failed to demonstrate materially changed country conditions in Mexico to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 989–990 (evidence must be "qualitatively different" to war-

rant reopening, and new evidence lacked materiality).

The BIA provided a reasoned explanation for denying the motion to reopen, and petitioners' contentions that the BIA violated due process by failing to consider evidence or facts or ignored relevant precedent is unpersuasive. *See Najmabadi*, 597 F.3d at 990 (BIA adequately considered the evidence and sufficiently announced its decision); *Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) (for an alien to prevail on such a due process claim, the alien must overcome presumption that agency reviewed all evidence).

In light of this disposition, we do not reach petitioners' remaining contentions regarding ineffective assistance of counsel.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provid-